UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT ALAN FREEBURG,

    Petitioner,

v.

DONALD HOLBROOK,

    Respondent.

CASE NO. C12-0376JLR-BAT

ORDER

Before the court is petitioner Scott Alan Freeburg's "motion to modify," which the court construes as an objection to an order by Magistrate Judge Brian Tsuchida. (Mot. (Dkt. # 37).) Mr. Freeburg has filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his detention in state prison. (*See* Petition (Dkt. # 1).) He was convicted of felony murder, burglary, and assault on June 6, 2002, following a jury trial. (*Id.* at 1-2.) In his petition, he alleges that he received ineffective assistance of counsel, that he was charged with non-existent crimes, and that he received a sentence enhancement that violates the ex post facto rule. (*Id.* at 2.)

ORDER- 1

1  Mr. Freeburg previously asked the court to appoint counsel to assist him. (Third
2  Mot. to App. Counsel (Dkt. # 33).) He claims that he is unable to represent himself
3  because he is incarcerated and does not have enough paper. (*See, e.g.*, *id.* at 5.) He
4  claims that he is only allowed five sheets of paper on a bi-weekly basis unless he has a
5  confirmed deadline, in which case he is allowed twenty five sheets. (*See id.*) He argues
6  that counsel should be appointed to assist him in prosecuting his § 2254 petition and to
7  obtain paper for him. (*Id.* at 3-6.)

8  Magistrate Judge Tsuchida denied Mr. Freeburg's motion. (4/9/14 Order (Dkt.
9  # 36).) Magistrate Judge Tsuchida concluded that Mr. Freeburg had not shown a need for
10 appointment of counsel, pointing out that Mr. Freeburg has been able to file his initial
11 petition as well as several motions without the assistance of counsel. (*Id.* at 3.)
12 Magistrate Judge Tsuchida determined that the interests of justice did not require
13 appointment of counsel. (*Id.*) Mr. Freeburg filed this "motion to modify" challenging
14 Magistrate Judge Tsuchida's ruling. (Mot.)

15 Federal Rule of Civil Procedure 72 governs this motion. When a magistrate judge
16 issues an order on a non-dispositive matter, a party may object to the order. Fed. R. Civ.
17 P. 72. If timely objection is made, as it has been here, "[t]he district judge in the case
18 must consider [the] objections and modify or set aside any part of the order that is clearly
19 erroneous or is contrary to law." *Id.*

20 The court has considered Mr. Freeburg's objections and concludes that they do not
21 warrant modifying Magistrate Judge Tsuchida's order. Mr. Freeburg's objections do not
22 raise any arguments or concerns that were not previously raised and addressed by

ORDER- 2

Magistrate Judge Tsuchida.  (*Compare* Mot. with 4/9/14 Order.)  In other words, Mr. Freeburg has not persuaded the court that Magistrate Judge Tsuchida's order is "clearly erroneous" or "contrary to law."  *See* Fed. R. Civ. P. 72.

Magistrate Judge Tsuchida applied the correct legal standard.  As he pointed out, "[t]here is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is 'necessary for the effective utilization of discovery procedures.'"[1]  (4/9/14 Order at 2 (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)).)  In addition, the court may appoint counsel in its discretion, but only if "the interests of justice so require."  (4/9/14 Order at 2 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).)  In deciding whether to appoint counsel, the court must evaluate "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  (4/9/14 Order at 2 (citing *Weygandt*, 718 F.2d at 954).)

Magistrate Judge Tsuchida applied this standard and concluded that appointment of counsel was not appropriate.  The court has reviewed the record in this case and has reached the same conclusion.  There is no basis for concluding that Magistrate Judge Tsuchida's order was clearly erroneous or contrary to law.  Likewise, there is nothing

//

//

---

[1] Neither of these conditions are met here, as there are no forthcoming evidentiary hearings and no pending discovery.  (*See* 4/9/14 Order at 2.)

compelling in the record to suggest that the interests of justice require appointment of counsel at this time.[2]

For these reasons, Mr. Freeburg's objections are OVERRULED and Magistrate Judge Tsuchida's order is AFFIRMED.

Dated this 12th day of May, 2014.

JAMES L. ROBART
United States District Judge

---

[2] In particular, Magistrate Judge Tsuchida did not err in determining that the interests of justice did not require counsel to be appointed to provide Mr. Freeburg access to more paper. In general, a prisoner may be able to establish an actionable § 1983 claim if denied access to the courts or basic litigation assistance. *See, e.g.*, *Holtz v. Karr*, No. C12-5111 RJB/KLS, 2013 WL 2297169, at *6 (W.D. Wash. May 24, 2013). However, nothing in the record of this case suggests that Magistrate Judge Tsuchida failed to take this into account in reaching his decision not to appoint counsel or otherwise erred in weighing the relevant considerations of this motion.

ORDER- 4